1

**CHUNG, MALHAS & MANTEL, PLLC**
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

2

3

Edward C. Chung, WSBA# 34292
(Echung@cmmlawfirm.com)

4

5

Dima N. Malhas, WSBA#44370
(Dmalhas@cmmlawfirm.com)

6

*Attorneys for Petitioners- Pro Hac Vice Pending*

7

**LAW OFFICES OF NICOLE JADELRAB**
19800 MacArthur Blvd., Suite 300
Irvine, California 92612
Phone: 650-464-8113

8

9

Nicole Jadelrab, California Bar# 261193
(Njadelrab@lawofficesofnicolej.com)

10

*California Local Counsel & Pro Hac Vice Sponsor*

11

12

13

14

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| Waleed Bin Khalid Abu Al-Waleed Al-Qarqani, in his personal capacity, and as Attorney for the heirs of Khalid Abu Al-Waleed Al-Qarqani: Al-Waleed Khalid Abu Al-Waleed Al Hood Al-Qarqani, Ahmed Khalid Abu Al-Waleed Al Hood Al-Qarqani, Shaha Khalid Abu Al-Waleed Al Hood Al-Qarqani, Naoum Al-Doha Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Badriah So'ad Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Badi'ah Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Nadeemah Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Jameelah Abdullah Mohammad; Heirs of Laila Naeema Khalid Abu Al-Waleed Al Hood Al-Qarqani: Mustafa Jawad Zikri; Heirs of Mariam Mai Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Omar Abdul-Rahman Azzam: Khalid Omar Abdul-Rahman Azzam, Fatima Omar Abdul-Rahman Azzam, Omar Abdul-Rahman Omar Abdul-Rahman Azzam, Najlaa Omar Abdul-Rahman Azzam, Laila Omar Abdul-Fattah Azzam; Heirs of Her Royal Highness Mona Bint Abdul-Rahman Bin Hasan Azzam; HRH Prince | Case No. <br><br> **PETITION FOR AN ORDER TO CONFIRM A FOREIGN ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY WITH THE ARBITRAL AWARD** |

29

30

Mohammad, Bin King Faisal Bin Abdulaziz Al Saud, HRH Prince Amr Bin Mohammed Bin King Faisal Bin Abdulaziz Al Saud, HRH Princess Maha Bint Mohammad Bin King Faisal Bin Abdulaziz Al Saud, HRH Princess Reem Bint Mohammad Bin King Faisal Bin Abdulaziz Al Saud; Heirs of Essam Abdul-Rahman Azzam; Heirs of Sheikh Adbullah Al-Solaiman Al-Hamdan: Ahmed Abdullah Bin Solaiman Al-Solaiman Al-Hamdan; Heirs of Khadijah Saleh Al-Fadhl: Abdulaziz Abdullah Al-Solaiman Al-Hamdan; Heirs of Dala' Adil Abdul-Qader Qabbani, Mazen Bin Adil Bin Abdul-Qader Qabbani; Heirs of Fahad Abdullah Al-Solaiman Al-Hamdan: Shafia' Saif Ahmed Abu Hlail, Abdullah Fahad Abdullah Al-Solaiman Al-Hamdan, Zaid Fahad Abdullah Al-Solaiman Al-Hamdan, Sumayyah Fahad Abdullah Al-Solaiman Al-Hamdan; Heirs of Mohammad Abdullah Al-Solaiman Al-Hamdan: Hayat Yahya Abdullah Noori, Salah Mohammad Abdullah Al-Solaiman, Khadijah Mohammad Abdullah Al-Solaiman; Heirs of Laila Mohammad Abdullah Al-Solaiman: Faisal Majed Mohammad Al-Solaiman, Sarah Majed Mohammad Al-Solaiman; Heirs of Khalid Abdullah Al-Solaiman Al-Hamdan: Laila Ibrahim Abu Samrah, Yazeed Khalid Abdullah Al-Solaiman Al-Hamdan, Waleed Khalid Abdullah Al-Solaiman Al-Hamdan, Tariq Khalid Abdullah Al-Solaiman Al-Hamdan; Heirs of Loulwa Abdullah Al-Solaiman Al-Hamdan: Ruqayyah Abdul-Rahman Al-Rasheed; Heirs of Mohammad Abdul-Rahman Al-Rasheed: Asma' Bint Abdullah Mohammad Al-Rasheed, Bandar Bin Mohammad Bin Abdul-Rahman Al-Rasheed, Sultan Mohammad Abdul-Rahman Al-Rasheed, Majed Bin Mohammad Abdul-Rahman Al-Rasheed, Nada Bint Mohammad Abdul-Rahman Al-Rasheed, Basmah Bint Mohammad Abdul-Rahman Al-Rasheed; Heirs of Madhawi Bint Abdullah Al-Solaiman Al-Hamdan: Ruqayyah Abdul-Rahman Al-Rasheed; Heirs of Mohammad Abdul-Rahman Al-Rasheed: Asma' Bint Abdullah Mohammad Al-Rasheed, Bandar Bin Mohammad Bin Abdul-Rahman Al-Rasheed Bandar Bin Mohammad Bin Abdul-Rahman Al-Rasheed, Sultan Mohammad Abdul-Rahman Al-Rasheed, Majed Bin Mohammad Abdul-Rahman Al-Rasheed, Nada Bint Mohammad Abdul-Rahman Al-Rasheed, Basmah Bint Mohammad

Abdul-Rahman Al-Rasheed; Heirs of Madhawi Bint Abdullah Al-Solaiman Al-Hamdan: Munawwar Ateeq Mohammad Al-Solaiman Al-Hamdan, Fattoum Ateeq Mohammad Al-Solaiman Al-Hamdan; Heirs of Asma' Abdullah Al-Solaiman Al-Hamdan: Hamad Bin Saad Bin Hamad Al-Solaiman, Basmah Hashim Saeed Hashim; Fatimah Abdullah Al-Solaiman Al-Hamdan; Hind Bint Abdullah Al-Solaiman Al-Hamdan, and her estate,

Petitioners,

v.

**CHEVRON CORPORATION** (including all predecessors and related entities), a Delaware corporation with its headquarters in San Ramon, California; and **CHEVRON U.S.A., INC.** (including all predecessors and related entities), is a Pennsylvania corporation with its headquarters in San Ramon, California,

Respondents.

# I. __INTRODUCTION__

1.     **PLEASE TAKE NOTICE**, that pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented by the Federal Arbitration Act, 9 U.S.C. § 201, *et seq.*, the above captioned Petitioners ("Petitioners") by and through California legal counsel, Nicole Jadelrab, with the Law Offices of Nicole Jadelrab and through Washington State legal counsel[1], Edward C. Chung and Dima N. Malhas, with the law firm of CHUNG, MALHAS & MANTEL, PLLC, hereby timely file with the United States District Court for the Northern District of California (San Francisco) and serve upon Respondents, Chevron Corporation (*formerly*, Standard Oil Company) and Chevron USA, Inc., Petitioners' Petition for an Order to Confirm a Foreign Arbitration Award and for Entry of Judgment in Conformity With the Arbitral

---

[1] In conformity of Local Civil Rule 11-3, *pro hac vice* motions for Washington State attorneys Edward C. Chung and Dima N. Malhas are pending. California legal counsel and *pro hac vice* sponsor, Nicole Jadelrab files this Petition for an Order to Confirm a Foreign Arbitration Award and for Entry of Judgment in Conformity with the Arbitral Award

Award. Petitioners respectfully requests that that this Court: (i) confirm and recognize the final arbitral Award dated June 3, 2015 (the "Award"), involving the arbitration proceedings between Petitioners and Respondents, including all predecessors and related entities; (ii) entering judgment in Petitioners' favor against Respondents in the amount of the Award, plus attorneys' fees and costs; and (iii) awarding Petitioners such other and further relief as the Court deems just and proper. The relief sought by Petitioners is predicated on the following:

2.     In accordance with the terms of a July 29, 1933 first Petroleum Agreement (the "Concession Agreement")[2], the above captioned Petitioners initiated and provided notice of arbitration proceedings to be adjudicated by the International Arbitration Center ("IAC"), located at 14 Ismael Al-Mazni, Street, Nuzha, Cairo, in the Arab Republic of Egypt. Both parties appointed their proposed arbitrator, had legal counsel and provided correspondences and briefings.

3.     On June 3, 2015 the arbitration panel rendered an arbitral Award[3] in favor of Petitioners. The Award justly compensated Petitioners for Respondents owed rental value and usurpation of oil rich plots of land deeded to Petitioners that extended Thirty-Nine Million Eight Hundred Eighty-Five Thousand Square Meters (Sq.M. 39,885,000) within the Kingdom of Saudi Arabia. The total sum on the award amounted to Sixty-Seven Billion, Two Hundred and Ninety-Two Million, Four Hundred and Seventy-Five Thousand (SAR 67,292,475,000.00) Saudi Riyals (SAR); an equivalent of Seventeen Billion, Nine Hundred and Forty-Three Million, Eight Hundred and Seventy-Four

---

[2] Attached hereto as **Exhibit A** and incorporated herein by reference is a true and correct certified copy of July 29, 1933 first Petroleum Agreement (*aka*, "Concession Agreement") translated from Arabic to English.

[3] Attached hereto as **Exhibit B** and incorporated herein by reference is a true and correct certified copy of June 3, 2015 arbitral award issued by the International Arbitration Center translated from Arabic to English.

PETITION FOR AN ORDER TO CONFIRM A FOREIGN
ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT IN
CONFORMITY WITH THE ARBITRAL AWARD - PAGE 4 OF 12

Thousand, Nine Hundred and Twenty-One United States Dollars and Ten Cents ($17,943,874,921.10 (USD)).

4.     Pursuant to the arbitration terms and the choice of law clause governing law the Concession Agreement, the arbitral award was conclusive and final if it was not appealed within sixty days (60) days after the issuance of the decision. Chevron nor Aramco appealed the decision and it therefore became final and eligible for confirmation under the New York Convention on August 2, 2015.

## II.  THE PARTIES

5.     The above captioned Petitioners are the heirs of the late Sheikh Abdullah Al-Solaiman Al-Hamdan and Sheikh Khalid Abu AlWaleed Al-Oarqani, and beneficiaries and titleholders[4] of the lands that was the subject of the arbitration proceedings adjudicated by the International Arbitration Center, located in Cairo, Egypt. The above captioned Petitioners are also the prevailing parties identified in the June 3, 2015 arbitral award.

6.      Defendant Chevron Corporation *(including all predecessors and related entities)* is a Delaware corporation with its headquarters in San Ramon, California. Chevron U.S.A. Inc. is a subsidiary of Chevron Corporation with its headquarters in San Ramon, California. The companies are involved in the production, processing, marketing and transportation of crude oil, natural gas and petroleum products. Chevron (*formerly*, Standard Oil Company) conducts business in the United States and approximately 180 other countries. Chevron operates five oil refineries within the United States, including two in California (the "West Coast refineries").

---

[4] Attached hereto as **Exhibit C** and incorporated herein by reference is a true and correct certified copy of the deed evidencing Petitioners' ownership of the land translated from Arabic to English.

PETITION FOR AN ORDER TO CONFIRM A FOREIGN ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY WITH THE ARBITRAL AWARD - PAGE 5 OF 12

### III.   JURSIDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203, which states that the United States district courts "shall have original jurisdiction" over an action that falls under the New York Convention. Jurisdiction also is proper under 28 U.S.C. § 1331, as this action is "deemed to arise under the laws and treaties of the United States," as stated in 9 U.S.C. § 203.

8.     This Court has personal jurisdiction over Respondents because the named Respondents have corporate headquarters that are in this District, Respondents advertise and solicit business in this District, have property located in this District, and have regular, continuous. and systematic contacts within the District to justify the exercise of jurisdiction over Respondents and its property.

9.     Venue in this Court is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391.

### IV.   STATEMENT OF FACTS

10.    On June 3, 2015 the heirs of the late Sheikh Abdullah Al-Solaiman Al-Hamdan and Sheikh Khalid Abu AlWaleed Al-Oarqani, and beneficiaries and titleholders[5] of oil fields in Saudi Arabia that were the subject of the dispute between the above captioned parties, obtained an arbitration award against Aramco, Chevron Corporation (*formerly*, Standard Oil Company), Chevron U.S.A., and Chevron Saudi Arabia. This award was issued by the International Arbitration Center ("IAC"), located at 14 Ismael Al-Mazni, Street, Nuzha, Cairo, in the Arab Republic of Egypt. The basis for the award related to a July 29, 1933 Petroleum Agreement (the "Concession Agreement") entered into by and between the Saudi Government and the Arab American Oil Company.  *See*, **Exhibit A** attached hereto and incorporated herein by reference.

---

[5] Attached hereto as **Exhibit C** and incorporated herein by reference is a true and correct certified copy of the deeed evidencing Petitioners' ownership of the land.

11.     The factual basis for the dispute, which is provided in detail in the certified translation of the Award attached hereto as **Exhibit B**, was the result of Respondents failing to pay compensation to the Petitioners for oil rich plots of land deeded to Petitioners that extended Thirty-Nine Million Eight Hundred Eighty-Five Thousand Square Meters (Sq.M. 39,885,000) within the Kingdom of Saudi Arabia.

12.     The terms, conditions and the standing of the parties initiating arbitration was memorialized in the Concession Agreement and the Deed for the land attached hereto as **Exhibit C**.

13.     Article 1 of the Concession Agreement allowed Respondents to remain on the land for a period of sixty (60) years. It also provided that the Concession Agreement was binding on all successors in interest in the land; thereby binding Aramco, Chevron Corporation, Chevron U.S.A., and Chevron Saudi Arabia.

14.     In 2005 the timeframe for Respondents and its counterparts to return the land to the heirs had passed. Respondents refused to return such lands to the Petitioners, the present-day heirs and owners of the oil rich plots of land.

15.     In consideration of the fact that Respondents ignored the demands of the heirs and rightful owners of the land to reclaim their property, the Petitioners invoked their rights under Article 31 of the Concession Agreement to commence arbitration proceedings at the International Arbitration Center ("IAC"), located in Cairo, Egypt.

16.     The IAC, in conformance with the governing law clause of the Concession Agreement applied Saudi law. Accordingly, it invoked Article 28 of the Saudi Arbitration Law as well as the IAC regulations for arbitration.

17.     The IAC, after hearing evidence and applying the applicable law, rejected many of the Petitioners claims, but awarded Petitioners for the following claims: (1) the taking of the property; and (2) the ten (10) year rental value for the time that Respondents failed to compensate Petitioners. The total sum on the award amounted to Sixty-Seven Billion, Two Hundred and Ninety-Two Million, Four Hundred and Seventy-Five Thousand (SAR 67,292,475,000.00) Saudi Riyals (SAR); an equivalent of Seventeen Billion, Nine Hundred and Forty-Three Million, Eight Hundred and Seventy-Four Thousand, Nine Hundred and Twenty-One United States Dollars and Ten Cents ($17,943,874,921.10 (USD)).

18.     Pursuant to the arbitration terms and the choice of law clause governing law the Concession Agreement, the arbitral award was conclusive and final if it was not appealed within sixty days (60) days after the issuance of the decision. Neither Chevron nor Aramco appealed the decision and it therefore became final and eligible for confirmation under the New York Convention on August 2, 2015. Petitioners now timely seek confirmation of the arbitral award.

## V.  LEGAL ARGUMENT

19.     The Award entered between the parties in this matter is "binding on the parties" within the meaning given that term by the New York Convention on the Recognition of Foreign Arbitral Awards, T.I.A.S. No. 6997, 21 U.S.T. 2517 (1958) (the "New York Convention"), as adopted and implemented in the United States pursuant to Chapter Two of the Federal Arbitration Act, 9 U.S.C. § 201 *e.t seq.* (the "FAA"). Because the Award was issued in Egypt, the United States is a "secondary jurisdiction" and can only refuse to confirm and enforce the award on the limited grounds provided

under Article V (1) and (2) of the New York Convention. For the reasons more fully set forth herein, this Court should confirm the Award and enter judgment against Chevron including all predecessors and related entities.

20.     Federal policy, evidenced by the FAA, favors arbitration, and courts  are required to "rigorously enforce agreements to arbitrate."  *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). As a result, "federal court review of arbitration awards is extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992). Chapter 2 of the Federal Arbitration Act states that the New York Convention "shall be enforced in United States courts in accordance with this chapter." 9 U.S.C. § 201. Under Article I of the New York Convention and 9 U.S.C. § 202, the New York Convention governs enforcement and confirmation of foreign arbitral awards that are made in a country that is a party to the Convention, such as Egypt. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain* Co., 284 F.3d 1114, 1120 (9th Cir. 2002) ["*the New York Convention governs if a nation where the award was issued is a party to the Convention*].

21.     As the Ninth Circuit has noted, the New York Convention and its implementing legislation "have a pro-enforcement bias, a policy long recognized by the Supreme Court." *Id.* at 1120 (*citing*, *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974)); *accord*, *Ministry of Def. of the Islamic Republic of Iran v. Gould. Inc*., 969 F.2d 764, 770 (9th Cir. 1992) (noting the "*general pro-enforcement bias inform[ing] the Convention*," *citing, Parson & Whittemore Overseas Co . Inc. v. Societe Generale de L'Industrie du Papier* (RAKJA), 508 F.2d 969,973 (2d Cir. 1974)).

22.     The Federal Arbitration Act states that within three (3) years of an arbitral award falling under the New York Convention, "*any party to the arbitration may apply for an order confirming the*

*award as against any other party to the arbitration*.'" 9 U.S.C. § 207. A petition to enforce an award is an expedited proceeding that is treated as a motion under the Federal Rules. *See*, 9 U.S.C. § 106 (petition to enforce non-New York Convention award treated as a motion), 9 U.S.C. s 208 (Chapter 1 of the Federal Arbitration Act applies to New York Convention awards unless inconsistent); *Alcatel Space, SA. v. Loral Space & Commc'ns. Ltd.*, No. 02-CIV-2674 (SAS), 2002 WL 1391819, at *4 (S.D.N.Y. June 25, 2002) ["*[t]he confirmation of an arbitral award is a summary proceeding that merely makes what is already a final arbitration award a judgment of [this] court*"] (*internal quotation marks and citation omitted*).

23.   "The court may not refuse to enforce an arbitral award solely on the grounds that the arbitrator may have made a mistake of law or fact," and "[a]bsent extraordinary circumstance, a confirming court is not to reconsider an arbitrator's findings." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3 274, 288 (5th Cir. 2004) ("*Karaha Bodas II*") (*quoting*, 9 U.S.C. § 207); *emphasis added*. Defenses to enforcement under the New York Convention are construed narrowly, and the party defending against enforcement of the arbitral award bears the burden of proof. *Id*. This Court should therefore confirm and enforce the Award unless Respondents can carry its burden of showing the applicability of one of the enumerated grounds set forth in Article V (1) or (2) of the New York Convention.

24.   Chevron was aware of the proceedings at the IAC. It is important to note that Article II (2) of the New York Convention states that "[t]he term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams." (emphasis added). At the arbitration proceedings, evidence was presented related to Petitioners claims for return of their property.

25.     The Award finally decides all of the parties' claims. Consistent with this determination. the

Award requires Respondents to make pay the principal amount due. Therefore, the Award should be

confirmed and enforced under the New York Convention and the Federal Arbitration Act.

## VI. <u>CONCLUSION</u>

26.     For the foregoing reasons, the above captioned Petitioners respectfully requests that this Court

confirm the June 3, 2015 arbitral award and enter judgment.

*Respectfully submitted this 1st day of June, 2018.*

CHUNG, MALHAS & MANTEL PLLC.

*/s/ Edward C. Chung*
Edward C. Chung, WSBA# 34292
*Pro Hac Vice* Counsel & Attorney for Petitioners
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Email: Echung@cmmlawfirm.com
Phone: (206) 264-8999
Facsimile: (206) 264-9098

*/s/ Dima N. Malhas*
Dima N. Malhas, WSBA# 44370
*Pro Hac Vice* Counsel & Attorney for Petitioners
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Email: Dmalhas@cmmlawfirm.com
Phone: (206) 264-8999
Facsimile: (206) 264-9098

LAW OFFICES OF NICOLE JADELRAB:

*/s/ Nicole Jadelrab*
Nicole Jadelrab, California Bar# 261193
California Local Counsel & *Pro Hac Vice Sponsor*
19800 MacArthur Blvd., Suite 300
Irvine, California 92612
Email: Njadelrab@lawofficesofnicolej.com
Phone: (650) 464-8113

1

## DECLARATION OF SERVICE

2

I, Nicole Jadelrab, hereby certify that I am a licensed attorney in the State of California and have been admitted into the United States District Court for the Northern District of California. I further declare that I am sponsor and local counsel for the following *pro hac vice* applicants: (1) Edward C. Chung and (2) Dima N. Malhas. On June 1, 2018, I declare under penalty of perjury under the laws of the United States of America that either I or those authorized by my law office have filed electronically the foregoing document and paid the filing fee with the Clerk of the Court using CM/ECF system, which shall commence and be docketed with the Clerk for the following court U.S. District Court:

3

4

5

6

7

*Dated this 1st day of June, 2018.*

8

9

*/s/* Nicole Jadelrab

10

Nicole Jadelrab, California Bar# 261193

11

California Local Counsel & *Pro Hac Vice Sponsor*

19800 MacArthur Blvd., Suite 300

12

Irvine, California 92612

13

Email: Njadelrab@lawofficesofnicolej.com

Phone: (650) 464-8113

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

PETITION FOR AN ORDER TO CONFIRM A FOREIGN
ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT IN
CONFORMITY WITH THE ARBITRAL AWARD - PAGE 12 OF 12