CHARLES J. STEVENS, SBN 106981
  cstevens@gibsondunn.com
STEPHEN W. HENRICK, SBN 310539
  shenrick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

ANNE CHAMPION (*pro hac vice*)
  achampion@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

CHRISTIAN LEATHLEY (*pro hac vice*)
  Christian.Leathley@hsf.com
SCOTT BALBER (*pro hac vice*)
  Scott.Balber@hsf.com
HERBERT SMITH FREEHILLS NEW
  YORK LLP
450 Lexington Avenue
New York, NY 10017
Telephone: 917.542.7600
Facsimile:  917.542.7601

Attorneys for Respondents CHEVRON
CORPORATION and CHEVRON U.S.A.
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| WALEED AL-QARQANI, et al., <br><br>        *Petitioners*, <br><br> v. <br><br> CHEVRON CORPORATION and CHEVRON U.S.A. INC., <br><br>        *Respondents*. | Case No. 4:18-cv-03297-JSW <br><br> **RESPONSE TO EDWARD CHUNG'S OBJECTIONS/MOTION TO STRIKE AND REPLY IN SUPPORT OF RESPONDENTS' MOTION FOR ATTORNEYS' FEES AS A COMPENSATORY SANCTION PURSUANT TO THE NINTH CIRCUIT'S ORDER OF JUNE 26, 2023 [DKT. 186]** <br><br> Judge:  Hon. Jeffrey S. White <br><br> **HEARING**: <br> Date:          November 3, 2023 <br> Time:          9:00 AM |

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................2

I.   Mr. Chung's Purported "Motion to Strike" Is Unauthorized and Meritless ...........................2

II.  The Ninth Circuit Already Rejected Most of Mr. Chung's Objections, and This Court Should Not Revisit Those Determinations ...................................................................2

III. Mr. Chung's New Arguments Have No Merit and Do Not Affect This Court's Ability to Rule on Respondents' Motion ...............................................................................5

    A.   Mr. Chung's Attempt to Repackage His Baseless Allegations of Judicial Misconduct Under New Legal Theories Fails .................................................5

    B.   Respondents Have Standing to Seek the Compensatory Sanctions the Ninth Circuit Has Already Awarded .....................................................................6

    C.   Respondents Need Not File a Motion Pursuant to Federal Rule of Civil Procedure 60(b) to Receive Compensatory Sanctions .....................................7

    D.   Attorney Thomas Hungar Need Not Submit a Declaration for Respondents to Recover Their Attorneys' Fees ...................................................................7

    E.   Mr. Chung Mischaracterizes the Ninth Circuit's Order in Claiming It Restricts Sanctions to $4,916.40 .....................................................................8

IV.  The Requested Fees Are Reasonable .........................................................................9

    A.   Mr. Chung Offers No Meaningful Challenge to Respondents' Proposed Hourly Rates .............................................................................................9

    B.   There Is No Basis to Reduce Respondents' Requested Fees for Purported Duplication, Vagueness, Or Excessiveness ...............................................10

    C.   Mr. Chung Does Not Meaningfully Contest Respondents' Entitlement to Pre-Judgment Interest ..........................................................................11

CONCLUSION ....................................................................................................................12

i

RESPONSE TO EDWARD CHUNG'S OBJECTIONS/MOTION TO STRIKE AND REPLY IN SUPPORT OF
RESPONDENTS' MOTION FOR ATTORNEYS' FEES AS A COMPENSATORY SANCTION
CASE NO. 4:18-CV-03297-JSW

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Camacho v. Bridgeport Fin., Inc.,*
  523 F.3d 973 (9th Cir. 2008) .................................................................................9

5

*Chambers v. NASCO, Inc.,*
  501 U.S. 32 (1991) .................................................................................................4

6

7

*Cooter & Gell v. Hartmarx Corp.,*
  496 U.S. 384 (1990) ...............................................................................................7

8

*Democratic Party of Wash. State v. Reed,*
  388 F.3d 1281 (9th Cir. 2004) .............................................................................11

9

10

*Dobyns v. United States,*
  915 F.3d 733 (Fed. Cir. 2019) ...............................................................................7

11

*First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler,*
  210 F.3d 983 (9th Cir. 2000) .................................................................................4

12

*Fischer v. SJB-P.D. Inc.,*
  214 F.3d 1115 (9th Cir. 2000) .............................................................................10

13

14

*Kong v. Margaret M. Harris Corp.,*
  No. CV 18-2112-MW, 2020 WL 4018294 (C.D. Cal. Mar. 5, 2020) ....................7

15

*Liteky v. United States,*
  510 U.S. 540 (1994) ...............................................................................................4

16

17

*Prison Legal News v. Schwarzenegger,*
  561 F. Supp. 2d 1095 (N.D. Cal. 2008) ...............................................................10

18

*Smith v. Cnty. of Riverside,*
  No. EDCV 16-227 JGB, 2019 WL 4187381 (C.D. Cal. June 17, 2019) ...............8

19

*Stebbins v. Google LLC,*
  No. 23-CV-00322-TLT, 2023 WL 6139454 (N.D. Cal. Aug. 31, 2023) ................2

20

*Stonebrae, L.P. v. Toll Bros., Inc.,*
  No. C-08-0221-EMC, 2011 WL 1334444 (N.D. Cal. Apr. 7, 2011) .....................8

21

22

*Sunstone Behav. Health, Inc. v. Alameda Cnty. Med. Ctr.,*
  646 F. Supp. 2d 1206 (E.D. Cal. 2009) ...............................................................11

23

*Thomas v. Bible,*
  983 F.2d 152 (9th Cir. 1993) .................................................................................3

24

*Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise,*
  234 F.3d 415 (9th Cir.) ........................................................................................10

25

26

*United States v. One 2008 Toyota Rav 4 Sports Util. Vehicle,*
  No. 2:09-CV-05672-SVW, 2012 WL 5272281 (C.D. Cal. Oct. 18, 2012) ..........10

27

*United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, Cal.,*
  545 F.3d 1134 (9th Cir. 2008) ...............................................................................3

28

ii

RESPONSE TO EDWARD CHUNG'S OBJECTIONS/MOTION TO STRIKE AND REPLY IN SUPPORT OF
RESPONDENTS' MOTION FOR ATTORNEYS' FEES AS A COMPENSATORY SANCTION
CASE NO. 4:18-CV-03297-JSW

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
   896 F.2d 403 (9th Cir. 1990) ................................................................................................. 9

**Rules**

Fed. R. App. P. 27 ................................................................................................................. 4

N.D. Cal. Civ. Loc. R. 11-4 ................................................................................................. 5

Ninth Cir. R. 39-1.6 .............................................................................................................. 4

Guide to Judiciary Policy, *Rules for Judicial-Conduct and Judicial-Disability Proceedings*,
   https://www.uscourts.gov/sites/default/files/judicial_conduct_and_disability_rules_effective_
   march_12_2019.pdf .............................................................................................................. 6

**INTRODUCTION**

The bulk of Edward Chung's opposition to Respondents Chevron Corporation and Chevron U.S.A. Inc.'s motion for attorneys' fees merely repeats arguments that are foreclosed because the Ninth Circuit already considered and (correctly) rejected them. These include baseless contentions that issuance of the appellate mandate, Ninth Circuit Rule 39-1.6(a), and Federal Rule of Appellate Procedure 27 preclude sanctions, and claims that purported misconduct by Respondents' counsel and/or judges involved in the sanctions proceedings render sanctions inappropriate. Mr. Chung's repetition of frivolous arguments and his false attacks on Respondents' counsel and Ninth Circuit judges throughout his opposition exemplify the vexatious conduct he exhibited throughout the sanctions proceedings and underscore why the legal fees Respondents seek here are entirely reasonable.

The handful of new arguments that Mr. Chung raises are without merit, and many rest on factual contentions the Ninth Circuit has also already rejected. For example, in repeating his baseless claims that Ninth Circuit Judge Eric Miller (a member of the merits panel for the appeal in this case) was biased against him, Mr. Chung now argues that Civil Local Rule 11-4 and Section 320 of the Guide to Judicial Policy preclude sanctions. The Ninth Circuit rejected Mr. Chung's scurrilous accusations of judicial misconduct, and the rules Mr. Chung cites do not provide a defense to sanctions. Mr. Chung further argues that Respondents lack standing to seek sanctions, but ignores the fact that the Ninth Circuit already authorized an award of sanctions to Respondents. Mr. Chung vaguely alludes to Federal Rule of Civil Procedure 60(b), but Respondents need not file a motion pursuant to that rule to be awarded sanctions. Mr. Chung further baselessly contends that attorney Thomas Hungar must submit a declaration for Respondents to recover their fees, but the law is to the contrary: the Henrick declaration submitted with Respondents' motion is a sufficient basis to verify all of Respondents' fees. Mr. Chung also mischaracterizes the Ninth Circuit's June 26, 2023 order imposing sanctions in claiming that the maximum sanction available is $4,916.40, when the Ninth Circuit "order[ed] [Mr.] Chung to reimburse Chevron for the relevant attorneys' fees and costs" and transferred the matter to this Court for "determination" of that amount. Dkt. 186 at 2–3.

As to the amount of "attorneys' fees and costs" that Respondents should be awarded as a compensatory sanction against Mr. Chung—the only issue before this Court—Mr. Chung fails to offer

a meaningful challenge to Respondents' submission.  Mr. Chung offers no evidence of a different hourly rate than what Respondents submitted.  His cursory assertions that Respondents' time entries are vague, duplicative, excessive, and inadequately documented are all false.  And Mr. Chung does not meaningfully challenge Respondents' entitlement to pre-judgment interest.

Accordingly, Respondents respectfully request that the Court enter judgment against Mr. Chung for the full amount of the requested fees ($251,313.72), plus appropriate prejudgment interest in the amount of $16,970.13, for a total award of $268,283.85 as a compensatory sanction pursuant to the Ninth Circuit's June 26, 2023 order.

## ARGUMENT

### I.   Mr. Chung's Purported "Motion to Strike" Is Unauthorized and Meritless

Mr. Chung asks this Court to strike Respondents' motion for attorneys' fees (Dkt. 188 at 1–2), but fails to cite any authority for such a motion under the Federal Rules of Civil Procedure.  Nor could he: Rule 12(f) authorizes motions to strike only as to pleadings, and a motion is not a pleading.  *See Stebbins v. Google LLC*, No. 23-CV-00322-TLT, 2023 WL 6139454, at *5 (N.D. Cal. Aug. 31, 2023) ("[A] motion is not a pleading and so is not subject to Plaintiff's Rule 12(f) motion to strike.").  The Court should reject Mr. Chung's request on that basis alone.

In any event, Mr. Chung's motion is meritless and should be denied.  The Ninth Circuit explicitly "order[ed] [Mr.] Chung to reimburse Chevron for the relevant attorneys' fees and costs" and transferred the matter to this Court for "determination" of that amount.  Dkt. 186 at 2–3.  No basis exists for striking Respondents' motion seeking resolution of that question, and Mr. Chung identifies none.

### II.   The Ninth Circuit Already Rejected Most of Mr. Chung's Objections, and This Court Should Not Revisit Those Determinations

In his merits brief during the *sua sponte* sanctions proceedings, and/or in his subsequent objections to the Special Master's Report and Recommendation, Mr. Chung raised many of the same arguments he raises now, including baselessly claiming that:

1          (1)     the Ninth Circuit's issuance of the mandate purportedly deprived the court of

2   jurisdiction and precluded sanctions (*compare* 9th Cir. Dkt. 107-1 at 1, *and* 9th Cir. Dkt. 125 at 1 &

3   n.1, *with* Dkt. 188 at 2–4);

4          (2)     Ninth Circuit Rule 39-1.6(a) purportedly precludes any award of Respondents' fees and

5   costs as a compensatory sanction (*compare* 9th Cir. Dkt. 125 at 4 n.5, *with*  Dkt. 188 at 3 n.1, 4);

6          (3)     Federal Rule of Appellate Procedure 27 purportedly immunizes Mr. Chung from

7   sanctions (*compare* 9th Cir. Dkt. 107-1 at 9–10, 12–13, 16–17, *and* 9th Cir. Dkt. 125 at 2 n.2, 6, *with*

8   Dkt. 188 at 7–8); and

9          (4)     Respondents' counsel, the Special Master, and/or Judge Miller purportedly engaged in

10  misconduct—including alleged *ex parte* contacts between Respondents and the Special Master,

11  Respondents' counsel's hiring of a former law clerk to Judge Eric Miller, comments the Special Master

12  allegedly made at the March 2022 pre-hearing conference, the Special Master's subsequent refusal to

13  grant Mr. Chung's motion to release an audio recording of the pre-hearing conference, and

14  Respondents' alleged filing of falsified documents—that supposedly rendered sanctions inappropriate

15  (*compare* 9th Cir. Dkt. 107-1 at 7-8, 13, 19, *and* 9th Cir. Dkt. 125 at 2 n.2, 5–8, 13, *with* Dkt. 188 at

16  3).

17         The Ninth Circuit rejected all of these contentions.  Dkt. 186 at 2 (finding "meritless" Mr.

18  Chung's arguments that "this court lacks jurisdiction to impose sanctions," that "the Special Master

19  violated certain procedural and due process requirements," that "the Special Master applied incorrect

20  substantive law," and that "the sanctions proceedings resulted from judicial bias and misconduct").

21  Mr. Chung cannot relitigate in this Court issues that the Ninth Circuit has already resolved against him.

22  *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (pursuant to the law of the case doctrine, "a

23  court is generally precluded from reconsidering an issue that has already been decided by the same

24  court, or a higher court in the identical case").

25         In any event, Mr. Chung's arguments are all frivolous.

26         First, with respect to his argument that the Ninth Circuit's issuance of the mandate deprived the

27  court of jurisdiction and precluded sanctions, a "court may consider collateral issues after an action is

28

RESPONSE TO EDWARD CHUNG'S OBJECTIONS/MOTION TO STRIKE AND REPLY IN SUPPORT OF
RESPONDENTS'  MOTION FOR ATTORNEYS' FEES AS A COMPENSATORY SANCTION
CASE NO. 4:18-CV-03297-JSW

no longer pending . . . such as attorney fees or sanctions." *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, Cal.*, 545 F.3d 1134, 1145 n.6 (9th Cir. 2008) (citations omitted).[1]

Second, with respect to his contention that Ninth Circuit Rule 39-1.6(a) precludes any award of Respondents' fees and costs as a compensatory sanction, that rule governs only *party*-initiated requests for attorneys' fees; it says nothing about a court's ability to award compensatory sanctions on its own volition.  It is clear that the Ninth Circuit and this Court may do so under their inherent authority.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (holding that federal courts have inherent power to "impose attorney's fees as a sanction for bad-faith conduct").[2]

Third, with respect to Mr. Chung's claim that Federal Rule of Appellate Procedure 27 immunizes him from sanctions, Federal Rule of Appellate Procedure 27(a)(2)(B)(i) establishes a requirement that any document "necessary to support a motion must be served and filed with the motion."  Fed. R. App. P. 27(a)(2)(B)(i).  It does not provide an independent basis for a party to inject into the record on appeal fraudulent documents that lack any legitimate basis for inclusion in the appellate record.

Fourth, Mr. Chung's outrageous claims of misconduct are both irrelevant and completely unfounded.  Mr. Chung offers no support for his scurrilous and baseless accusations that the Special Master engaged in *ex parte* contacts with Respondents or their counsel, or that Respondents filed "falsified documents," and these accusations are false.  Mr. Chung further "submits no authority indicating that a law firm should refrain from recruiting judicial clerks—indeed, the Canons indicate otherwise—or must tell opposing counsel, its own clients or the court if it offers employment to a law clerk or its offer is accepted."  *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 989 (9th Cir. 2000).  Finally, Mr. Chung's claims that the Special Master was biased for allegedly

---

[1]  Mr. Chung's argument also rests on a false premise, because the Ninth Circuit issued the order appointing the Special Master to conduct further sanctions proceedings two weeks before it issued the mandate.  *See* 9th Cir. Dkts. 80 (November 15, 2021 appointment order), 82 (mandate issued on November 29, 2021).

[2]  The Ninth Circuit's order directing Mr. Chung to show cause why sanctions should not be imposed (Dkt. 74) was also issued on August 12, 2021 (the same day the Ninth Circuit issued its merits decision), well before the "expiration of the period within which a petition for rehearing may be filed," Ninth Cir. R. 39-1.6(a).  Even under Mr. Chung's erroneous reading of the rule, therefore, his timing objection is without merit.

asking his law clerk "what sanctions does Chevron want me to impose upon Appellants' counsel," Dkt. 188 at 5, and for denying Mr. Chung's motion to compel access to the video recordings of the March 11, 2022 pre-hearing conference, plainly lack merit. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and only statements that "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible" suffice to satisfy that standard).[3]

III. **Mr. Chung's New Arguments Have No Merit and Do Not Affect This Court's Ability to Rule on Respondents' Motion**

A. **Mr. Chung's Attempt to Repackage His Baseless Allegations of Judicial Misconduct Under New Legal Theories Fails**

Mr. Chung claims that Civil Local Rule 11-4 "compels" this Court to deny Respondents' motion, and that "Rule 4 (a) 4," "Rule 4 (a) 6," and "Rule 4 (a) 1" of "Section 320" of "the Judicial Conduct and Disability Act" preclude the imposition of sanctions, because in his view the Ninth Circuit sanctioned Mr. Chung only because of Judge Eric Miller's purported bias and retaliation. Dkt. 188 at 1, 3 & n.1, 10–11. Mr. Chung's arguments are legally frivolous and factually unfounded.

As an initial matter, the Ninth Circuit expressly ordered this Court to determine what portion of Respondents' fees Mr. Chung must pay as a compensatory sanction. Dkt. 186 at 2–3 ("We order Chung to reimburse Chevron for the relevant attorneys' fees and costs per the Special Master's recommendation. Chevron has submitted a declaration that this amount is $251,313.72. . . . The determination of what portion of that amount Chung should be ordered to pay is transferred to the district court."). Mr. Chung offers no basis for this Court to decline to follow the Ninth Circuit's order.

In any event, Mr. Chung offers no legal support for his claim that the rules he cites prevent the imposition of sanctions. Civil Local Rule 11-4 applies only to "[t]he practice of law before this Court." Civ. Loc. R. 11-4(b) ("*The practice of law before this Court* must be free from prejudice and bias.")

_____

[3]   Mr. Chung also alludes to Judge Miller's denial of Petitioner-Appellants' frivolous recusal motion, Dkt. 188 at 3, 10, without mentioning that the Supreme Court denied Petitioners-Appellants' petition for certiorari seeking review of Judge Miller's refusal to disqualify himself. 9th Cir. Dkts. 101, 103.

(emphasis added).   Judge Miller is not an attorney practicing before this Court, so the rule has no application to him.   Section 320 (Rules for Judicial-Conduct and Judicial-Disability Proceedings) of the Guide to Judicial Policy[4] is similarly inapposite.   It contains rules "promulgated by the Judicial Conference of the United States . . . to establish standards and procedures for addressing complaints filed by complainants or identified by chief judges under the Judicial Conduct and Disability Act." Rule 4(a) includes examples of cognizable judicial misconduct such as "violation[s] of specific standards of judicial conduct" (Rule 4(a)(1)), "retaliation" (Rule 4(a)(4)), and "failure to report or disclose" (Rule 4(a)(6)) (capitalization altered).   It says nothing about how these rules can shield wrongdoers from sanctions for bad faith misconduct in filing fabricated newspaper articles.   In any event, the Ninth Circuit has already rejected Mr. Chung's false and defamatory accusations of misconduct.   *See* Point II, *supra*.

Mr. Chung also offers no evidentiary support for his claim of retaliation by Judge Miller, and there is none.   Mr. Chung's sanctionable misconduct in filing the *Saudi Sun* "article" is the sole reason why the Ninth Circuit ordered that he be sanctioned.   Mr. Chung's ongoing, obdurate refusal to admit his own wrongdoing, and his continued baseless attacks on judges and opposing counsel in an attempt to avoid the consequences of his actions, are yet more evidence of Mr. Chung's bad faith.[5]

**B.    Respondents Have Standing to Seek the Compensatory Sanctions the Ninth Circuit Has Already Awarded**

Mr. Chung argues that Respondents lack standing to seek compensatory sanctions, Dkt. 188 at 4–7, and that sanctions are inappropriate because "[C]hevron cannot be billed for hours it was not a party litigant [sic]," *id.* at 12.   Even if such a challenge were permissible (and it is not, given that the Ninth Circuit has already ordered that Mr. Chung must pay compensatory sanctions), it would still fail. It is Respondents who have had to respond repeatedly to Mr. Chung's baseless filings, including the fraudulent "newspaper" that led to the Ninth Circuit's order, and it is Respondents' resulting attorneys' fees that the Ninth Circuit ultimately awarded as a compensatory sanction.   Mr. Chung mischaracterizes

---

[4]   These rules are available at https://www.uscourts.gov/sites/default/files/judicial_conduct_and_disability_rules_effective_march_12_2019.pdf.

[5]   Mr. Chung mentions his previous request for this Court to appoint special counsel, *see* Dkt. 101, without noting that this Court took no action on it before denying the petition to confirm.

RESPONSE TO EDWARD CHUNG'S OBJECTIONS/MOTION TO STRIKE AND REPLY IN SUPPORT OF
RESPONDENTS' MOTION FOR ATTORNEYS' FEES AS A COMPENSATORY SANCTION
CASE NO. 4:18-CV-03297-JSW

the transcript of the March 11, 2022 pre-hearing conference that he selectively quotes (notwithstanding his prior motion to strike Respondents' submission of that transcript during the sanctions proceedings, 9th Cir. Dkt. 95), as well as the *sua sponte* sanctions proceedings generally.  Special Master Tashima expressly recognized that Respondents would be acting as the proponents of sanctioning Mr. Chung. 9th Cir. Dkt. 94-3 at 6:7-10 ("So what I'd like to do is proceed, as much as possible, as if there were this word -- a sanction proceeding in which the respondent -- well, in which the appellee here, Chevron, is -- is the proponent.").[6]  Chevron did so, and plainly has standing to seek the resulting sanctions as directed by the Ninth Circuit.

### C.   Respondents Need Not File a Motion Pursuant to Federal Rule of Civil Procedure 60(b) to Receive Compensatory Sanctions

Mr. Chung's contention that no Rule 60(b) motion has been filed in this case (Dkt. 188 at 3) is irrelevant to the issue of whether Mr. Chung may be sanctioned.  "It is well established that a federal court may consider collateral issues after an action is no longer pending."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).  This includes sanctions.  *Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019) ("To the extent that Dobyns argues Rule 60 was a necessary predicate to receiving sanctions, that argument is incorrect.  Courts typically retain jurisdiction to rule on collateral issues, such as sanctions or attorney's fees, even after they lose jurisdiction over the merits decision.").  Mr. Chung offers no contrary authority.

### D.   Attorney Thomas Hungar Need Not Submit a Declaration for Respondents to Recover Their Attorneys' Fees

Mr. Chung objects to "any billable hours that were not authenticated from the attorney that was lead counsel for Chevron's appeal before the Ninth Circuit."  Dkt. 188 at 8; *see also id.* at 12–13 (suggesting that the absence of a declaration from Mr. Hungar means Respondents have not adequately

---

[6]  Ms. Champion's statement that "Chevron has nothing to contribute" regarding the legitimacy of the *Saudi Sun* "article", Dkt. 188 at 6, 8–9 (emphasis omitted), occurred in the context of opposing Mr. Chung's baseless request for discovery from Respondents and was merely an explanation of why discovery from *Respondents* was unnecessary, because Respondents had no discoverable information that could shed any additional light on the legitimacy of the *Saudi Sun* "article" beyond what was available in the public domain.  Her statements were not a comment on the legitimacy of the article or on Respondents' role in the sanctions proceedings more generally.

documented their requested fees). Mr. Chung cites no authority for the proposition that a particular attorney must authenticate billing records, or that all attorneys who billed time must submit declarations to authenticate time entries. Rather, courts have held that a single attorney declaration can authenticate the time entries of all attorneys for which a party seeks fees. *See Kong v. Margaret M. Harris Corp.*, No. CV 18-2112-MW (FFMx), 2020 WL 4018294, at \*5 (C.D. Cal. Mar. 5, 2020) ("Defendants have not cited, and the Court is not aware of, any authority requiring Plaintiff to submit a separate declaration for each attorney who worked in the action to authenticate the billing records."); *Smith v. Cnty. of Riverside*, No. EDCV 16-227 JGB (KKx), 2019 WL 4187381, at \*7 (C.D. Cal. June 17, 2019) ("Defendants cite no authority for the proposition that billing records must be supported by declarations from the attorneys who billed the hours."), *vacated sub nom. on other grounds, Davis v. Cnty. of Riverside*, No. EDCV 16-227 JGB (KKx), 2022 WL 1787668 (C.D. Cal. Jan. 7, 2022); *Stonebrae, L.P. v. Toll Bros., Inc.*, No. C-08-0221-EMC, 2011 WL 1334444, at \*8 (N.D. Cal. Apr. 7, 2011) (finding that a single attorney declaration sufficed to authenticate the time entries for three attorneys), *aff'd*, 521 F. App'x 592 (9th Cir. 2013).

In this case, Respondents submitted an attorney declaration from Stephen Henrick that authenticates the time entries for Mr. Hungar. Champion Decl. Ex. 1 (Henrick Decl.). That is sufficient, and Mr. Chung's objection is baseless.

### E. Mr. Chung Mischaracterizes the Ninth Circuit's Order in Claiming It Restricts Sanctions to $4,916.40

Mr. Chung attempts to cabin the amount of fees Respondents can recover as a compensatory sanction to those fees that Respondents incurred in directly responding to Mr. Chung's docketing of the fraudulent *Saudi Sun* "article." Dkt. 188 at 9–10. Mr. Chung's argument mischaracterizes the Ninth Circuit's order. The Special Master recommended that Respondents be awarded their fees and costs "incurred . . . in addressing Chung's filing of the *Saudi Sun* exhibit in Docket No. 66 *and its aftermath*." Dkt. 186 at 2 (emphasis added). The Ninth Circuit expressly "adopt[ed] the report and recommendation of the Special Master" and "order[ed] Chung to reimburse Chevron for the relevant attorneys' fees and costs *per the Special Master's recommendation*." *Id.* (emphasis added). As the Special Master found in his Report, Mr. Chung had dragged out the sanctions proceedings by refusing

8

RESPONSE TO EDWARD CHUNG'S OBJECTIONS/MOTION TO STRIKE AND REPLY IN SUPPORT OF RESPONDENTS' MOTION FOR ATTORNEYS' FEES AS A COMPENSATORY SANCTION
CASE NO. 4:18-CV-03297-JSW

1  to admit his misconduct with respect to the *Saudi Sun* "article" and by leveling "irrelevant, outrageous,

2  baseless charges of misconduct against the judges of this court and opposing counsel." Dkt. 185 at 20.

3  He also requested an evidentiary hearing for which Respondents' counsel had to prepare, including to

4  cross-examine Mr. Chung, only for him to inform the court the night before the requested hearing that

5  he would not be appearing. *Id*. at 8, 25 n.7. The Ninth Circuit's order allows for all of Respondents'

6  requested fees to be recovered.

7  **IV.    The Requested Fees Are Reasonable**

8        **A.    Mr. Chung Offers No Meaningful Challenge to Respondents' Proposed**

9              **Hourly Rates**

10        In lieu of the actual rates charged by their counsel, Respondents requested reimbursement based

11  on the mean 2021 and 2022 rates for commercial litigation firms of 501–1,000 lawyers in San Francisco

12  as listed in Wolters Kluwer's 2022 Real Rate Report, which are lower than Respondents' actual billing

13  rates for this matter. Champion Decl. Ex. 1 (Henrick Decl.) ¶¶ 6–7; *see also United Steelworkers of*

14  *Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney[s]

15  and other attorneys regarding prevailing fees in the community, and rate determinations in other cases

16  . . . are satisfactory evidence of the prevailing market rate."). Mr. Chung's only response to

17  Respondents' requested rates is an unsubstantiated contention that "the index they use absurd [sic] and

18  lacks proper foundation as an index." Dkt. 188 at 12. Mr. Chung did not submit any evidence of what

19  he contends the market rates to be.

20        "The party opposing the fee application has a burden of rebuttal that requires submission of

21  evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by

22  the prevailing party in its submitted affidavits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980

23  (9th Cir. 2008) (citation omitted). Mr. Chung's failure to proffer evidence means this Court must

24  "presume those requested rates are reasonable." *United Steelworkers of Am.*, 896 F.2d at 407

25  ("Although the defendants disagreed with this evidence, they did not support their arguments with any

26  affidavits or evidence of their own regarding legal rates in the community."). Accordingly, Mr.

27  Chung's cursory challenge to Respondents' requested rates fails.

28

9

RESPONSE TO EDWARD CHUNG'S OBJECTIONS/MOTION TO STRIKE AND REPLY IN SUPPORT OF
RESPONDENTS' MOTION FOR ATTORNEYS' FEES AS A COMPENSATORY SANCTION
CASE NO. 4:18-CV-03297-JSW

**B.    There Is No Basis to Reduce Respondents' Requested Fees for Purported Duplication, Vagueness, or Excessiveness**

Mr. Chung claims, with only one inapposite citation,[7] that it is unreasonable for Respondents to "bill a client multiple times for the same correspondence and communications."  As another district court noted, "[a] conference with only one participant is no longer a conference. The upshot of accepting [the defendant's] view would be to hold that all conferencing by Plaintiff's attorneys was excessive and duplicative."  *Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1103–04 (N.D. Cal. 2008) (citations omitted).  There is no basis to reduce Respondents' requested fees on this ground.

Mr. Chung further contends that Respondents' "fee are [sic] redundant and vague." Dkt. 188 at 12–13.  Not so.  Respondents' time entries are neither redundant nor vague, and all of Mr. Chung's citations to the contrary are distinguishable.[8]  Mr. Chung ignores entirely the Henrick declaration, which sets forth how Respondents' time entries each fit into one of seven categories of readily identifiable and appropriate work performed.  Dkt. 187-2 Champion Decl. Ex. 1 (Henrick Decl.) ¶¶ 13–26.

Finally, Mr. Chung challenges a few entries (out of the approximately 230 that Respondents submitted as part of their fee request) as purportedly vague, duplicative, and/or excessive.  Dkt. 188 at 13.  Mr. Chung takes issue with entries showing that more than one attorney for Respondents reviewed the Special Master's order setting a pre-hearing conference, teleconferenced/corresponded with each other, revised Respondents' pre-hearing submission and merits sanctions brief, and prepared for and

---

[7]    *United States v. One 2008 Toyota Rav 4 Sports Utility Vehicle*, No. 2:09-CV-05672-SVW, 2012 WL 5272281, at *6 (C.D. Cal. Oct. 18, 2012), on which Mr. Chung relies for the contention that it was unreasonable for Respondents to have multiple attorneys bill for the same correspondence and communications, was "a simple forfeiture case involving a single vehicle."  In contrast, during the course of the *sua sponte* sanctions proceedings before the Ninth Circuit, Mr. Chung lodged numerous motions and raised a number of legal arguments and factual assertions in an effort to avoid being held accountable for his sanctionable misconduct.

[8]    *See, e.g.*, *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir.) (fees inadequately documented because "[n]owhere in the Plan's declarations does it detail the amount of attorneys' fees expended specifically on [what is recoverable] rather than [other issues]"), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000).  Mr. Chung's citation to *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000), is curious, as that case reversed the denial of a fee application and held that the fee request *was* sufficiently documented.

attended the sanctions hearing.  These are all perfectly permissible expenses that do not warrant any kind of reduction in Respondents' fees, particularly in light of the fact that Respondents voluntarily chose to seek fees only from a total of three timekeepers.  *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort."); *Sunstone Behav. Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1214 (E.D. Cal. 2009) ("[D]efendant provides no persuasive reason why having two or three attorneys review and respond to [a] letter, conference with [the client], draft the complaint, review a motion to dismiss, and draft discovery requests was unreasonable.").[9]   It is especially egregious that Mr. Chung contests Respondents' entitlement to fees related to preparing for the sanctions hearing, given that Mr. Chung had insisted on his right to an evidentiary hearing and agreed to the scheduled date, but then announced at 9:29 p.m. the night before that he would not be attending.  *See* 9th Cir. Dkt. 79-1 at 1 ("Pursuant to FRAP 46 (c), Appellants' counsel requests for a hearing."); Dkt. 185 at 8 ("At 9:29 p.m., on the night before the August 26, 2022, hearing, [Mr.] Chung filed, via CM/ECF, a letter in which he declared his refusal to participate in the hearing.") (citation omitted).

**C.    Mr. Chung Does Not Meaningfully Contest Respondents' Entitlement to Pre-Judgment Interest**

In their motion, Respondents cited relevant authority justifying their request for prejudgment interest in the amount of $16,970.13.  Dkt. 187 at 8–9.  Mr. Chung's only response is a cursory assertion, without citation, that "[a]s for prejudgment interest, there is no prejudgment [sic] that would be permitted.  Again no sanctions are even available[.]"  Dkt. 188 at 14.  The Ninth Circuit's June 26, 2023 order expressly forecloses Mr. Chung's argument that prejudgment interest is unavailable because no sanctions are available.  Dkt. 186 at 2 ("We order Chung to reimburse Chevron for the relevant

---

[9]   Mr. Chung also takes issue with several miscellaneous entries, such as Mr. Henrick reviewing the *Saudi Sun* "article" in December 2021 (while Respondents were preparing their pre-hearing conference submission), Ms. Champion corresponding with the Ninth Circuit clerk regarding technical issues in advance of the pre-hearing conference, and Mr. Henrick analyzing Respondents' billing records for possible submission as sanctions.  These fees are all plainly recoverable as part of Respondents' participation in the *sua sponte* sanctions proceedings.

attorneys' fees and costs per the Special Master's recommendation.").  Accordingly, Respondents are entitled to an award of prejudgment interest.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court enter judgment against Mr. Chung for the full amount of fees Respondents sought before the Ninth Circuit ($251,313.72), plus appropriate interest in the amount of $16,970.13, for a total award of $268,283.85 as a compensatory sanction pursuant to the Ninth Circuit's June 26, 2023 order.

1    DATED:  October 5, 2023                    Respectfully submitted,

2                                               GIBSON, DUNN & CRUTCHER LLP

3                                               By:  */s/ Anne Champion*

4                                               CHARLES J. STEVENS, SBN 106981
5                                                 cstevens@gibsondunn.com
                                                STEPHEN W. HENRICK, SBN 310539
6                                                 shenrick@gibsondunn.com
                                                555 Mission Street, Suite 3000
7                                               San Francisco, CA 94105-0921
                                                Telephone:  415.393.8200
8                                               Facsimile:   415.393.8306

9
                                                ANNE CHAMPION (pro hac vice)
10                                                achampion@gibsondunn.com
                                                200 Park Avenue
11                                              New York, NY 10166-0193
                                                Telephone:  212.351.4000
12                                              Facsimile:   212.351.4035

13
                                                CHRISTIAN LEATHLEY (pro hac vice)
14                                                Christian.Leathley@hsf.com
                                                SCOTT BALBER (pro hac vice)
15                                                Scott.Balber@hsf.com
                                                HERBERT SMITH FREEHILLS NEW YORK
16                                                LLP
17                                              450 Lexington Avenue
                                                New York, NY 10017
18                                              Telephone:  917.542.7600
                                                Facsimile:   917.542.7601
19
20                                              Attorneys for Respondents CHEVRON
                                                CORPORATION and CHEVRON U.S.A. INC.
21

22

23

24

25

26

27

28

RESPONSE TO EDWARD CHUNG'S OBJECTIONS/MOTION TO STRIKE AND REPLY IN SUPPORT OF
RESPONDENTS' MOTION FOR ATTORNEYS' FEES AS A COMPENSATORY SANCTION
CASE NO. 4:18-CV-03297-JSW