

Edward C. Chung, Esq.  
 Senior Partner  
Admitted in Washington

Dr. Dima N. Malhas, Esq.  
 Managing Partner  
Admitted in Washington

The Melbourne Tower  
1037 NE 65th Street, Suite 80171  
Seattle, Washington 98115

Phone:   (206) 264-8999  
Facsimile: (206) 264-9098  
E-mail: Info@cmmlawfirm.com  
Website: www.cmmlawfirm.com

October 24, 2023  *Filed via U.S. District Court ECF Database*

U.S. District Court for the Northern District of California  
Senior District Judge Jeffrey S. White  
Oakland Courthouse, Courtroom 5 – 2nd Floor  
1301 Clay Street  
Oakland, California 94612

### LCR 11-6  NOTICE OF CHEVRON MISCONDUCT AND REQUEST FOR ZOOM CONFERENCE

Re:  *Waleed Al-Qarqani, et. al. v. Chevron Corporation, et. al.* (USDC Case No. 4:18-cv-03297 (N.D. Cal.)
  Request for Case Conference, October 24, 2023 Court Order and LCR 11-6 Notification of Misconduct

Dear Judge White:

I am writing in relation to the above referenced matter that was set for oral argument on **November 3, 2023** *via Zoom*. Today, October 24, 2023 [Dck# 191] without oral argument or any rulings on the objections or consideration of the arguments made by undersigned counsel, the court order drafted by Chevron's counsel, Gibson, Dunn & Crutcher, LLP was executed by your Honor. Respectfully, this Court Order [Dck# 191] neither explains why oral argument was stricken nor does it comport with a court order granting an award of attorneys' fees.  On information and belief, we have reason to believe that this court order may not have seen or signed by your Honor despite having your signature.

In consideration of your Honor's experience on the bench and knowledge that a court order on attorneys' fees must explain how fees were calculated in granting an award, we are concerned that these court orders are being signed by law clerks and may not being reviewed or actually seen by the judge handling the matter. This position is predicated on Gibson Dunn associate attorneys working as law clerks for the courts, then upon leaving the court, returning back to work for Gibson Dunn.

Please understand there has been so many profound oddities, threats and misrepresentations made in this case by Chevron and their counsels, we have good reason to believe it is necessary to assure the legitimacy of the court orders being executed. Because of the peculiar handling of this case by the courts, please be advised that weeks before this hearing was to be considered, we anticipated that the oral argument would be stricken and a court order entered without argument. We predicted this because based on prior court orders that misstated precedent that we did not believe was from your chambers, this motion would likely be signed by a clerk of court with no ruling to our objections or analysis of our legal arguments. As we anticipated, this is exactly what happened.

Pursuant to Local Rule 11-6 this Court has an affirmative duty to investigate Chevron and their counsel misconduct contained on the court record. Here Chevron and their counsel, as reflected in the November 7, 2018 letter [Dck#101] threatened witnesses, made misrepresentations, as well based on the falsified evidence it filed [Dck#119-1]. There is no reason for this Court to ignore verifiable misrepresentation and immediately open up a formal investigation on misconduct.

Letter to the Honorable Jeffrey S. White – October 24, 2023
*Re: Waleed Al-Qarqani, et. al. v. Chevron Corporation, et. al. (USDC Case No. 4:18-cv-03297 (N.D. Cal.)*
   *Request for Case Conference, October 24, 2023 Court Order and LCR 11-6 Notification of Misconduct by Chevron and Gibson Dunn*
Page 2 of 2

We hereby request that the court set a ***Zoom*** hearing conference on the original, November 3, 2023 date and time to hear this matter. By making such request, we are not waiving any right to appeal or FRCP 59 requests for reconsideration.

Respectfully,

Edward C. Chung, Esq.
Senior Partner

CHUNG, MALHAS & MANTEL, PLLC